IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER & STEPHANIE KEMEZIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES MATTHEW, et al. | : | NO. 07-5086 |

MEMORANDUM

Baylson, J.                                                                                                              June 16, 2008

## I.  Introduction

Plaintiffs, Christopher and Stephanie Kemezis ("Plaintiffs"), bring this predatory lending action against six Defendants, James Matthew ("Matthew"), Keegan Mortgage Company ("Keegan"), Litton Loan Servicing, L.P., Litton GP, LLC ("Litton"), Fremont Investment & Loan Co. ("Fremont"), and Mortgage Electronic Registration Systems, Inc. ("MERS").

Defendants James Matthew and Keegan Mortgage Company have filed an Answer to the Complaint, but the other Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6).

The Court dismisses all Plaintiffs' claims for failing to state a claim upon which relief can be granted and allows Plaintiffs fourteen (14) days in which to amend their complaint, with the exception of Plaintiffs' claim raised pursuant to the federal RICO statute, which is dismissed with prejudice.

## II.  Background

Plaintiffs assert that they borrowed money in order to purchase a house at 1125 Coventry Avenue, in Cheltenham Pennsylvania ("Premises"). Plaintiffs allege improprieties and various claims arising out of their securing a mortgage on the Premises. The closing took place on

December 3, 2004.  Plaintiffs sold the house on August 14, 2007.  The Complaint in this case was filed on December 3, 2007.

Plaintiffs allege that prior to their purchase of the Premises, they entered into a verbal agreement with the Loan Officer, who they do not name, that the loan offered to Plaintiffs would be on the best possible terms for them given the fair market value of their home and the contemplation of their credit score and debt to income ratio.  Plaintiffs allege that the Loan Officer agreed to represent Plaintiffs' best interests in a fiduciary capacity and that Plaintiffs detrimentally relied on his promises.  (¶¶ 21-23).

Plaintiffs allege that they paid a Yield Spread Premium ("YSP") to the Loan Officer and that the terms of this payment were concealed from them.  The YSP is the monetary difference between the best available terms available to Plaintiffs and the terms submitted to Plaintiffs by the Loan Officer.  Plaintiffs allege that this extra fee resulted in additional profits to Defendants, unbeknownst to Plaintiffs.  (¶¶ 26-27).

Plaintiffs claim that they did not see the YSP or the loan application, submitted by the loan officer on their behalf, until Closing, at which point they were "intentionally concealed with a morass of loan documents . . ." (First Am. Compl. Doc. No. 12, at ¶ 29).  Plaintiffs assert that the terms of their loan were neither bonafide (actually paid or actually accrued), nor reasonable (customary), nor properly disclosed.

Plaintiffs also allege that when they attempted to resell the Premises, they discovered that the loan documents, which they had signed at the Closing, included a prepayment penalty. Plaintiffs allege that they made this discovery on August 13, 2007, the day before the resale of the Premises was scheduled.  Plaintiffs claim they contacted Defendant Matthew immediately

upon making the discovery and that Matthew denied knowing that the pre-payment penalty was a part of the loan. Plaintiffs allege that the discovery of this deception led them to uncover further deceptive acts committed by Defendants, but they do not specify what these acts were.

Specifically, Plaintiffs Complaint alleges eighteen separate counts against Defendants:[1]

I. Breach of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. and 12 C.F.R. § 226.23, and breach of Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R. § 226.1 et seq.;

II. Breach of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C.§ 1601 et seq.;

III. Breach of the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2601, et seq.;

IV. Breach of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq.;

V. Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.;

VI. Breach of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.;

VII. Violation of the Credit Services Act ("CSA"), 73 P.S. § 2182 et seq. and Loan Broker Trade Practices ("LBTP");

VIII. Violation of Federal Mail and Wire Fraud Statutes ("RICO"), 18 U.S.C. §§ 1341 and 1343 et seq. and 18 U.S.C. § 1961;

IX. Violation of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1 et seq.;

X. Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. 201 et seq.;

XI. Violation of the Loan Interest Protection Act ("Usury Statute"), 41 P.S. § 101 et

---

[1] Plaintiffs Brief concedes withdrawal of some claims against the moving Defendants. Specifically, Plaintiffs withdraw the ECOA claim, the CSA claim, the claim pursuant to the Pennsylvania Usury Statute, and the claim pursuant to the UCC and the FTC against Defendants Fremont, Litton and MERS. Plaintiffs also concede the FDCPA claim as to Defendants Litton and MERS. All claims remain as to Defendants Matthew and Keegan. The Court may consider, sua sponte, the issue of whether to dismiss Plaintiffs' Complaint against Defendants Keegan and Matthew as long as the Court provides Plaintiffs with a fair hearing. See Dougherty v. Harper's Magazine Co. 537 F.2d 758, 761 (3d Cir. 1976), and Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980); see e.g. Bowers v. National Collegiate Athletic Ass'n, 9 F. Supp.2d 460, 498-499 (D.N.J. 1998) (dismissing claim against Defendants for failure to state a claim upon which relief can be granted even though Defendants had never moved to dismiss where inadequacy of the claim was clear). In the instant case, the opportunity to replead the Complaint will provide Plaintiffs with an adequate and fair hearing.

seq.;
(XII) Violation of the Uniform Commercial Code ("UCC"), and the Federal Trade Commission ("FTC"); [sic]
XIII. Fraud and fraudulent misrepresentation;
XIV. Breach of contract and warranty;
XV. Negligence, negligent misrepresentation, and improvident lending;
XVI. Breach of the covenant of good faith and fair dealing;
XVII. Breach of fiduciary duty;
XVIII. Conspiracy, acting in concert, and aiding and abetting.

**III    Legal Standard And Jurisdiction**

  **A.    Jurisdiction**

Under Section II of Plaintiffs' First Amended Complaint, Jurisdiction and Venue, Plaintiff states that: "Jurisdiction of this Honorable Court is based on federal question and/or diversity conferred by 28 U.S.C. § 1331 and 1332; supplemental jurisdiction over state claims is granted by 28 U.S.C. § 1367." (Doc. No. 12 at ¶ 5). Several of Plaintiffs' claims (counts I, II, III, IV, V, VI, and VIII), brought under federal question jurisdiction, state the alleged statutory basis in the specific count.   Plaintiffs never allege any facts to support their claim that diversity jurisdiction exists in this case.

  **B.    Legal Standards**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  In order to state a valid complaint a

plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 n. 3 (2007).

Although the Supreme Court's decision in Twombly v. Bell Atlantic, 127 S.Ct. 1955 (2007) did not abrogate notice pleading, which is inherent in the Federal Rules of Civil Procedure, Twombly does allow dismissal of complaints where the plaintiff's complaint does not have sufficient information to show that the plaintiff is entitled to relief. In addition, Twombly suggested courts consider the concept of "plausibility" in evaluating pleadings.

In this case, Plaintiffs' federal claims are not supported by sufficient facts showing that the Plaintiffs are entitled to relief. In addition, Plaintiffs' allegations are obviously based on alleged parol evidence which, the Complaint impliedly admits, contradict the terms of written agreements entered into between the parties, in a routine sale of residential real estate. The Court doubts that any precedent exists to allow for recision or damages based simply upon allegations that oral representations were made, contrary to the written terms of an agreement. Plaintiffs do not cite any cases that any of the federal statutes on which they rely allow such a result. The Court questions whether, consistent with Rule 11, Plaintiffs can state any facts or legal claims that would show they are entitled to relief under any of the federal statutes, but the Court will allow Plaintiffs to file an Amended Complaint.

**IV.    Discussion**

       **A.    Plaintiffs' Claims Under TILA, HOEPA and ECOA**

5

Plaintiffs' claims pursuant to TILA and HOEPA can be considered together because HOEPA is an amendment of TILA , and therefore is governed by the same remedial scheme and statutes of limitations as TILA.  Harris v. EMC Corp., 2002 WL 32348324, *2 (E.D.Pa. Apr. 10, 2002).

### 1. Recision

Plaintiffs in the instant case are barred from bringing a right to rescind claim pursuant to TILA and HOEPA because a recision claim against a lender is not allowed after the borrower has sold the property in question.  "An obligor's right to recision shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. . ."  15 U.S.C. § 1635(f).  This is not a statute of limitations, but a statute of repose, which is finite and cannot be tolled.  Beach v. Ocwen, 523 U.S. 410, 417 (1998) (holding that 5 U.S.C. 1635(f) is not a statute of limitation that governs only the institution of the lawsuit but operates with the lapse of time to extinguish the right of recision altogether).  See also  Lavelle v. M & T, Mortg. Corp., 2006 WL 2346320 *2 (E.D.Pa. August 11, 2006) (discussing in detail that 15 U.S.C. 1635(f) is a statute of repose and therefore that TILA and HOEPA claims seeking rescission must be dismissed with prejudice).  Plaintiffs admit to selling the Premises on August 14, 2007.  Therefore, the Court holds that at the time the lawsuit was filed, Plaintiffs' right to rescind the mortgage loan had expired and Plaintiffs' right to rescission claim is dismissed with prejudice.

### 2. Damages

Defendants also move to dismiss Plaintiffs' claims for damages pursuant to TILA and HOEPA.  Under both statutes, there is a one year statute of limitations in which an action for damages may be brought.  15 U.S.C. § 1640(e).  Generally, a statute of limitations begins to run

when the cause of action accrues.  Oshiver v. Levin, Fishbein Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).  In the instant case, the action would accrue at Closing, on December 3, 2004.  Plaintiff did not file this action until December 3, 2007 and therefore Plaintiffs' claims are time-barred unless tolled.

Plaintiffs claim that because they allege many of the facts were concealed during the course of the loan transaction, these claims should be equitably tolled.  (Pl.'s Resp. to Def.'s Mot. to Dismiss, Doc. No. 27, at p. 8).  The Third Circuit has held that TILA's statute of limitations is subject to equitable tolling in certain circumstances.  Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 504-505 (3d Cir. 1998).  Three scenarios exist when equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.  Oshiver, 38 F.3d at 1387.  A party seeking tolling must also demonstrate that he or she "exercised reasonable diligence in investigating and bringing the claims."  Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998).

To support their argument for equitable tolling, Plaintiffs cite Wise v. Mortgage Lenders Network USA Inc., 420 F. Supp. 2d 389 (E.D.Pa. 2006), in which the undersigned denied Defendant's motion to dismiss TILA and HOEPA actions, which had been filed after the statute of limitations had expired.  In Wise, the Court determined that equitable tolling may be appropriate due to Plaintiffs' allegations of fraud.  Id. at 394.  Wise must be distinguished from the instant matter, however, because in Wise, Plaintiffs alleged specific allegations of fraud as well as facts to support their claim that they used reasonable diligence in investigating the alleged

7

fraud, but that the defendant actively prevented them from discovering the fraud. Id. at 394-95. No such claims are made in the instant case: Plaintiffs assert that they were "shocked" when they discovered the pre-payment penalty in their mortgage documents when they sold the Premises, but they do not allege any specific facts that would support allegations of fraud or willful misconduct. Under Rule 9(b), Fed. R. Civ. P., a claim of fraud must be supported by fact allegations "with particularity." Plaintiffs have not met this requirement and therefore their claims for damages under TILA and HOEPA are dismissed, without prejudice and with leave to replead.

### 3. ECOA Claims

Plaintiffs allege that Defendants Matthew and Keegan violated the ECOA. However, the ECOA provides a two year statute of limitations. 15 U.S.C. § 1691e(f). As Plaintiffs' have not pled adequate reason to toll the statute of limitations, Plaintiffs' claims against all Defendants, pursuant to the ECOA, will be dismissed without prejudice.

### B. Plaintiffs' Cause of Action Pursuant to RICO Fails to State a Claim

In their First Amended Complaint, Plaintiffs allege that Defendants acted in violation of the federal RICO statute. Plaintiffs alleged that Defendants participated in a "scheme" which utilized United States interstate mail and wires in order to defraud or extort Plaintiffs. (First Amended Compl., Doc. No. 12, ¶ 61-65). Plaintiffs offered no specific facts to support these allegations. On May 27, 2008, the Court issued an order that Plaintiffs supplement their RICO claim with a RICO Case Statement, providing details as to the alleged misconduct, in accordance with my standard practice. See Bonovitacola Elec. Contractor Inc. v. Boro Developers, Inc. 2002 WL 31388806 *4 (E.D.Pa. Oct. 23, 2002) citing Glessner v. Kenny, 952 F.2d 702, 712 n. 9 (3d

Cir. 1991) ("Courts may consider the RICO case statements in assessing whether plaintiffs' RICO claims should be dismissed.")  Among other things, the Court asked Plaintiffs to state (1) a list of predicate acts which constitute a RICO violation, including such details as names, dates and types of communications between Defendants, (2) how these predicate acts constitute fraud, and (3) a detailed description of the alleged enterprise for each RICO claim, including the names of individuals or entities involved, and the structure, purpose, function, and course of conduct of the enterprise.  (Doc. No. 45, Att. 1).  Plaintiffs filed their RICO Case Statement on June 11, 2008 (Doc. No. 47) but this pleading falls far short of alleging adequate facts to state a RICO claim against Defendants.

Where a plaintiff pleads a violation of the RICO statute, the allegations of fraud must be pled with particularity to comply with Federal Rule of Procedure 9(b).  Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  In order to plead a RICO conspiracy under 18 U.S.C. § 1962(d), a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve the conspiracy.  Meeks-Owens v. Indymac Bank, F.S.B., 2008 WL 1745803 *4 (M.D.Pa. Apr. 11, 2008) (quoting Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989) (abrogated on other grounds)).  Additional required elements include specifying the agreement to commit predicate acts in furtherance of the fraud and knowledge that the acts were part of a pattern of racketeering activities.  Id.  A plaintiff must show that the conduct of a fraudulent scheme was perpetrated through an enterprise (either an existing entity or an association of individuals and entities).  Healthguard of Lancaster Inc. v. Mark Gartenberg, 2004 WL 632722 *6 (E.D.Pa. March 5, 2004).  An enterprise under RICO cannot merely be a pattern of racketeering activity but must be

an entity separate and apart from the defendants.  <u>Cedric Kushner Promotions Limited v. King</u>, 533 U.S. 158, 162 (2001).

Plaintiffs' RICO Case Statement contains nothing more than conclusory allegations and repetitious use of RICO catchwords.  <u>See</u> <u>Morrow v. Blessing</u>, 2004 WL 2223311 *2 (E.D.Pa. Sept. 29, 2004) (Baylson, J.), and <u>Healthguard,</u> 2004 WL 632722 *1 (Baylson, J.) (dismissing Plaintiffs' RICO claims where Plaintiffs were unable to meet the heightened standards of pleading under RICO in the RICO Case Statement).  Plaintiffs allege only that Defendants violated RICO at "two distinct times: 1. the original fraud and concealment; and 2. at the time damages were incurred."  (Doc. No. 47 at 1).  This general allegation does not provide the Court or defendants with any new or adequate information as to what Plaintiffs allege Defendants specific fraudulent acts were.  As such, it is inadequate basis for a RICO claim.

In describing the enterprise responsible for the RICO violations upon which Plaintiffs claims are based, Plaintiffs merely list the Defendants and their employees, alleging in the most general terms that these parties engaged in an enterprise which resulted in a "pattern of racketeering," by concealing terms in mortgage documents which cost Plaintiffs and others additional money.  (Doc. No. 47 at p. 3).  This allegation does not state a claim that Defendants conducted their scheme through an "enterprise," which is required under RICO, and also the distinctiveness requirement, endorsed by the <u>Cedrick Kushner</u> decision, is ignored by Plaintiffs.

As Plaintiffs failed to allege a set of facts which could state a claim under the RICO statute even after the Court gave them an opportunity to replead their RICO claims using a RICO Case Statement, Plaintiffs' RICO claims are dismissed with prejudice.

    **C.**    **Plaintiffs' Claim Pursuant to the FCRA are Dismissed Without Prejudice**

With regard to their FCRA claim, Plaintiffs' allege only: "[a]t all times material, Defendants were in violation of the FCRA, 15 U.S.C. § 1681 et seq., including but not limited to Defendants' unlawfully accessing Plaintiffs' credit information and/or furnishing inaccurate information to credit reporting agencies." (First Amended Comp., Doc. No. 12, at ¶ 58). Plaintiffs withdrew this claim as to Defendants Litton and MERS, (Pl.'s Omnibus Rebuttal, Doc. No. 38, at p. 3) but the claims remain as to Fremont.

The FCRA regulates consumer reporting agencies. Philbin v. Trans Union Corp. 101 F.3d 957, 962 (3d Cir. 1996) (discussing the reasons for enactment of the FCRA and types of defendants who can be held liable under the Act). Nowhere do Plaintiffs allege that any of Defendants are consumer reporting agencies or used or furnished consumer reports in a manner that damaged Plaintiffs. The Court therefore holds that Plaintiffs have failed to state a claim under the FCRA and dismiss the claim without prejudice.

**D.     Plaintiffs' Cause of Action Pursuant to RESPA Fails to State a Claim**

Plaintiffs' First Amended Complaint alleges that all Defendants violated RESPA but once again fails to state a claim pursuant to the statute. The RESPA statute is designed to ensure that consumers are made aware of settlement procedures and costs by imposing certain disclosure requirements. The statute also seeks to eliminate kickbacks and referral fees that increase the cost of the settlement process. 12 U.S.C. § 2601(b). The Act applies to federally insured lenders or creditors that make residential real estate loans. 12 U.S.C. § 2602(1)(B)(iv).

RESPA includes a specific notification requirement triggered by the creditor's receipt of an inquiry called a Qualified Written Request ("QWR"). This is a document sent by the borrower to the creditor. The QWR enables the recipient to identify the name and account of the

borrower and provides a statement of the reasons for the belief of the borrower that the account is in error. Morilus v. Countrywide Home Loans, Inc., 2007 WL 1810676 *3 (E.D.Pa. June 20, 2007). Under the statute, a party has 60 days to respond to a QWR. 12 U.S.C. § 2605(e)(2).

Plaintiffs state in their First Amended Complaint that Defendants failed to "properly respond to Plaintiffs' 'Qualified Written Request,' which, if not previously and/or properly delivered is made herein." (¶ 55). Plaintiffs provide no details concerning which parties received such requests or whether Defendants responded to these alleged requests. If, as Plaintiffs suggest, the First Amended Complaint constitutes a QWR, the request is inadequate because it does not provide sufficient detail to the servicer about how Plaintiffs' account is in error and what information Plaintiffs are seeking. The Court will therefore dismiss this count without prejudice. Morilus, 2007 WL 1810676 *3-4 (dismissing Plaintiffs' complaint for failure to adequately plead details regarding QWR in a RESPA action).

E.   **Plaintiffs' Claims Pursuant to the UCC, FTC Are Dismissed Without Prejudice**

Plaintiffs allege that Defendants violated the UCC (Uniform Commercial Code) and the FTC (Federal Trade Commission). Plaintiffs withdrew this claim as to Fremont, Litton and MERS, but the claims remain against Defendants Keegan and Matthew. (Doc. Nos. 33 and 38). Plaintiffs' sole allegation in this Count is that "the aforesaid constitutes violations of the UCC and FTC." (First Amended Compl., Doc. No. 12, at ¶ 73).

The FTC is a commission, not a law. A defendant cannot be held liable for violating the Commission. In addition, Plaintiffs do not bother to state which provision of the UCC or what regulation affiliated with the FTC they allege Defendants violated. These cursory allegation,

lacking even a reference to a specific statute fails to put Defendants on notice of the claims against them. Phillips v. County of Allegheny, 515 F.3d at 232 ("[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of a claim which is contemplated by Rule 8").

In addition, the Uniform Commercial Code is not a federal statute, and in order for Plaintiffs to make any claim under the UCC, they would have to show diversity jurisdiction. Plaintiffs' claims pursuant to the UCC and the FTC are dismissed without prejudice.

### F. Plaintiffs' Cause of Action Pursuant to FDCPA Fails to State a Claim

Plaintiffs assert that Defendants Fremont, Matthew and Keegan violated the FDCPA, 15 U.S.C. § 1692 et seq. The FDCPA provides a remedy for consumers who are subjected to abusive, deceptive, or unfair trade practices by debt collectors. Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). A threshold requirement for stating a claim pursuant to the FDCPA is that the prohibited practices are used in a defendant's attempt to collect a debt. Id. A creditor is not a viable defendant to FDCPA claim. 15 U.S.C. § 1692a(6).

Plantiffs allege that Defendant Fremont was the original lender to Plaintiff. (First Amended Compl. Doc. No. 12, at ¶ 7). Nowhere does Plaintiff claim, however, that Fremont acted as a debt collector. Defendants Keegan and Matthew, the mortgage brokers were not acting as debt collectors either. The Court therefore concludes that Plaintiffs have failed to state a claim under the FDCPA. The claim is dismissed without prejudice.

### G. Plaintiffs Have Failed to Plead Diversity Jurisdiction

While Plaintiffs state in their First Amended Complaint that diversity jurisdiction exists (see Doc. No. 12 at ¶ 5), nowhere do they allege that they are diverse from all Defendants or that

Plaintiffs' damages amount to $75,000 or more. Therefore, this Court does not have diversity jurisdiction, but only federal question jurisdiction. As Plaintiffs have presently failed to state claims pursuant to any federal statute named, the Court need not reach the issue of whether Plaintiffs have stated claims pursuant to the state laws Plaintiffs have enumerated and for which this Court may have supplemental jurisdiction.

**V.      Conclusion**

The fact that Plaintiffs alleged eighteen (18) separate counts, even though many of them are facially inapplicable to the facts alleged, and then, after receiving the Rule 12 motion, withdrew six (6) of those counts, and never showed diversity jurisdiction existed, strongly suggests that Plaintiffs counsel did not carefully evaluate the clients' facts in the context of federal jurisdiction. The Court assumes that any amended complaint will be more carefully prepared.

For the foregoing reasons, the Court will dismiss Plaintiffs' First Amended Complaint, without prejudice.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER & STEPHANIE KEMEZIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES MATTHEW, et al. | : | NO. 07-5086 |

**ORDER**

AND NOW, this          day of June, 2008, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that all claims against all Defendants are DISMISSED without prejudice, with the exception of Count VIII, Plaintiffs' claim that Defendants violated RICO, which is dismissed with prejudice. If Plaintiffs wish to file an Amended Complaint, they shall do so within fourteen (14) days.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J

A:\Kemezis v. Matthews - Revised  Memo Dismiss Complaint.wpd