IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER & STEPHANIE KEMEZIS, | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 07-5086 |
| JAMES MATTHEW, et al., | : | |
| Defendants. | : | |

**MEMORANDUM RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**Baylson, J.**                                                                                                    **December 10, 2008**

**I.      Background**

On June 18, 2008, a Memorandum and Order were filed in this case dismissing without prejudice the Complaint as to all claims, with leave for Plaintiffs to file an Amended Complaint, except for Count VIII (alleging RICO), which was dismissed with prejudice. On July 2, 2008, Plaintiffs did file an Amended Complaint (Doc. No. 50). Plaintiff filed a Second Amended Complaint on August 26, 2008, (Doc. No. 63), which changes only the caption of the case, as required by an earlier court order.

The factual allegations of the Second Amended Complaint are essentially the same as in the original Complaint. However, Plaintiffs have now squarely alleged that there is diversity of citizenship and the amount in controversy is more than $75,000, thus alleging both federal

-1-

question and diversity jurisdiction.  The Defendants are the same.  However, the number of claims has been substantially reduced, and Plaintiffs are now making the following claims:

Federal Question Claims:
1. Count I - Truth in Lending Act ("TILA").
2. Count II - Real Estate Settlement Procedures Act ("RESPA").

State Law Claims:
3. Count III - Violations of Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA").
4. Count IV - Unfair Trade Practices and Consumer Protection Law ("UTPCPL").
5. Count V - Fraud and fraudulent misrepresentation.
6. Count VI - Breach of contract and warranty.
7. Count VII - Negligent misrepresentation and improvident (negligent) lending.
8. Count VIII - Breach of contract.
9. Count IX - Breach of fiduciary duty.
10. Count X - Conspiracy, acting in concert, and aiding and abetting.

There are five Defendants: James Matthew, Jr. ("Matthew"), Keegan Mortgage Corp. ("Keegan"), Litton Loan Servicing, L.P. ("Litton"), Fremont Investment & Loan Co. ("Fremont") and Mortgage Electronic Registration Systems, Inc. d/b/a MERS ("MERS").  Counts I and III are brought against Defendants who Plaintiffs characterize as the "lending entities and brokers," which the Court interprets from the allegations of the Complaint to include Defendants Fremont, Keegan and Matthew.  The other counts are brought against all Defendants.

Presently before the Court are Motions to Dismiss filed by Litton, Fremont and MERS (hereinafter the "Moving Defendants").[1]  Since the allegations are basically the same as before, they will not be repeated in this Memorandum, which will assume familiarity with the June 18, 2008 Memorandum.

---

[1] Defendants Matthew and Keegan have not moved to dismiss to the Second Amended Complaint.

## II. Claims

### A. Federal Claims under TILA and RESPA

Moving Defendants assert that of the remaining federal question claims, Count I (TILA) is barred by the statute of limitations and Plaintiffs' failure to adequately plead equitable tolling. Moving Defendants further assert Count II (RESPA) is barred by Plaintiff's failure to cure the pleading deficiency in the Amended Complaint with respect to the Qualified Written Report ("QWR") requirement. (Docs. Nos. 51, 52, 53.)

As to the claim under TILA, the Court agrees with the Moving Defendants that these claims should be dismissed because the Plaintiffs have failed to allege any facts from which the Court could allow equitable tolling. The June 18, 2008 Memorandum discussed the doctrine of equitable tolling and concluded that Plaintiffs had failed to allege specific acts to support their allegations of fraud or willful misconduct. (Doc. 49, Pg. 8.) Despite the prior Memorandum's discussion of this issue and the Court giving Plaintiffs the opportunity to cure, Plaintiffs have failed to allege any new facts in the Second Amended Complaint that would allow this claim to go forward.

In regard to the RESPA claim in Count II, the Court had previously dismissed this claim for failure to adequately plead details about an acceptable QWR. (See Doc. 49, Pg. 11-12.) Rather than addressing that deficiency, Plaintiffs removed the paragraph discussing the QWR in their Second Amended Complaint and instead added a paragraph with conclusory, unspecific allegations of RESPA violations. (Compl. ¶ 49.) However, the problem with insufficient pleading regarding the QWR remains unremedied. Thus, the RESPA claim is again dismissed.

Also, both the TILA and RESPA claims are grounded in fraud, and their allegations must

state facts with particularity. The Federal Rules require that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To that end, "9(b) ordinarily requires that plaintiffs plead the 'who, what, when and where' details of the allege fraud . . . what is crucial is that plaintiffs employ some means to 'inject[] precision and some measure of substantiation into their allegations of fraud.'" U.S. ex rel. Waris v. Staff Builders, Inc., 1999 WL 179745, at *4 (E.D. Pa. March 4, 1999) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). Plaintiffs have failed to comply with these requirements in alleging both their TILA and RESPA claims.

    **B.**    **State Law Claims**

Moving Defendants further suggest that all the state law claims (Counts III-X) must be dismissed due to pleading deficiencies. The Court did not previously address any pleading defects with respect to these claims because it dismissed them for lack of jurisdiction, finding that Defendants failed to adequately plead diversity jurisdiction and that the Court would not exercise supplemental jurisdiction because the Court dismissed all the federal question claims. (Doc. 49, Pg. 13-14.) As noted above, Plaintiffs have now alleged that all Plaintiffs are citizens of different states from all Defendants and the amount in controversy exceeds $75,000, (Compl. ¶s 6, 7), so the Court must now examine the allegations.

However, as with the TILA claim, all state law claims based on fraud or deceit (Counts III-V) must be dismissed for failure to plead with particularity, as Plaintiffs have not pled specific facts regarding any Defendant. See Fed. R. Civ. P. 9(b); U.S. ex rel. Waris v. Staff Builders, Inc., 1999 WL 179745, at *4. Despite this requirement, in each state law Count alleging fraud,

Plaintiffs do not adequately and specifically plead the elements of that claim or any Defendant's specific role in the alleged violation; rather, Plaintiffs simply make conclusory allegations that "Defendants" collectively engaged in fraudulent or deceitful acts.  However, the Third Circuit has confirmed that a Plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004) (citing Saporito v. Combustion Eng'g Inc., 843 F.2d 666, 65 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989)); see also Silverstein v. Percudani, 422 F. Supp. 2d 468, 473 (M.D. Pa. 2006) ("A complaint that "lumps" together numerous defendants does not provide sufficient notice of which defendants allegedly made the misrepresentations.").  Plaintiffs here do not indicate who made the statements or engaged in the deceitful acts.  Therefore, Plaintiffs pleading of fraud in this case fails to meet the heightened requirement under Rule 9(b) and thus those state law claims (Counts III-V) will be dismissed.

Similarly, all state law claims in Counts VI-X must be dismissed for failure to adequately plead those claims.  While those claims do not specifically allege fraud and are thus not subject to the heightened pleading requirement, all claims must meet the general standards of notice-pleading in federal court, which requires more than just a blanket assertion that the plaintiff is entitled to relief.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  Furthermore, the Third Circuit has cautioned that after the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), "without some factual allegation in a complaint a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Phillips, 515 F.3d at 232.  Plaintiffs short, conclusory allegations in Counts VI-X utterly fail to meet this standard; these Counts include no

factual allegations to support the blanket assertions that Defendants collectively breached a contract, acted negligently, breached the covenant of good faith and fair dealing, breached their fiduciary duties, and engaged in a conspiracy.  Such pleading is clearly inadequate under the Federal Rules, and therefore Counts VI-X must be dismissed as well.

    **C.**    **Allegations Concerning the Prepayment Penalty are Refuted by the Contract Signed by Plaintiffs**

Furthermore, although the Court does not solely base its decision to dismiss the claims on their merits, the documents submitted in response to the Court's order reveal a fatal problem with Plaintiffs' legal theory.  Plaintiffs central allegation is that certain Defendants "deceptively concealed" and failed to advise Plaintiffs of a prepayment penalty contained in the loan.  Plaintiffs' entire case appears to be based on the allegation that Plaintiffs, having bought the house on December 3, 2004, only discovered the penalty when they proceeded to sell the property on August 13, 2007.  Under its authority to review documents explicitly relied on by the underlying complaint, see  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997), the Court has examined the loan documents related to the purchase of the house, including the allegedly concealed prepayment penalty rider.  That rider states:

PREPAYMENT RIDER TO NOTE

> I have the right to make payments of principal at any time before they are due.  A payment of principal only is known as a "prepayment". [sic]  When I make a prepayment, I will tell the Note Holder in a letter that I am doing so.  A prepayment of all of the unpaid principal is known as a "full prepayment."  A prepayment of only part of the unpaid principal is known as a "partial prepayment."
>
> I may make a full or partial prepayment; however, the Note Holder may charge me for the privilege of prepayment.  If more than 20% of the original

principal amount of this note is prepaid in any 12-month period within 3 years after the date of this loan, I agree to pay a prepayment charge equal to six months interest on the amount prepaid which is in excess of 20% of the original principal amount of this Note.  If I make prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes.  I may make full prepayment at any time.  If I choose to make a partial prepayment the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due.  The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next on ore more monthly payments.

The rider is clearly marked in large bold letters "PREPAYMENT RIDER TO NOTE" and both Plaintiffs' signatures are at the bottom of the page, dated to December 3, 2004, the date of the closing.  Plaintiffs have not included any allegations that the content of this page was hidden from them while they both signed the document or that there was fraud in the execution of the document.[2]  Plaintiffs merely state that the Rider was "deceptively concealed" and "buried" in the load, (Second Amended Compl. ¶s 22, 28), but they do not provide any particularity as to the Defendants physically accomplished such concealment, as required under Rule 9)b), and thus the Court must consider the clear, noticeable language on the document as fulling refuting Plaintiff's claims.  Given the facts and lack of particularity in pleading fraud, Plaintiffs' lawsuit, based on the premise that Plaintiffs were unaware of the prepayment rider, does not state plausible grounds for relief sufficient to proceed.  This discussion requires dismissal of the the breach of contract claim, as well as all other claims.  The motion to dismiss all claims is therefore

---

[2] The Court notes that fraud in the execution is an exception to the parole evidence rule. Coram Healthcare Corp. v. Aetna U.S. Healthcare Inc., 94 F. Supp. 2d 589, 592 (E.D. Pa. 1999). Thus the Court could consider any alleged oral statements extrinsic to the documents made during the execution of the loan agreements to show fraud in the inducement, but Plaintiffs make no such claim.

granted.[3]

       An appropriate Order follows.

---

[3]Although Defendants Matthew and Keegan have not moved to dismiss, this Court noted in its last Memorandum that it may consider, sua sponte, the issue of whether to dismiss Plaintiffs' Complaint against the non-moving Defendants as long as the Court provided Plaintiffs with a fair hearing. See Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976), and Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980); see, e.g., Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 498-499 (D.N.J. 1998) (dismissing claim against Defendants for failure to state a claim upon which relief can be granted even though Defendants had never moved to dismiss where inadequacy of the claim was clear). The Court previously concluded that the opportunity to replead the Complaint provided Plaintiffs with an adequate and fair hearing and dismissed the Complaint as to all defendants. (See Doc. 50). Thus, in submitting their Second Amended Complaint, Plaintiffs have had an opportunity for an adequate and fair hearing. Despite this opportunity, fatal deficiencies remain in the Complaint, and the Court will dismiss the Complaint once again as to all Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER & STEPHANIE KEMEZIS, | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 07-5086 |
| JAMES MATTHEW, et al., | : | |
| Defendants. | : | |

**<u>ORDER</u>**

AND NOW, this 10th day of December 2008, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that all claims against all Defendants are DISMISSED with prejudice. The Clerk shall close this case.

BY THE COURT:

/s  Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\mtd 2d complaint memo.wpd